UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OSCAR CABA *
*
*
VS *
*
*
UNITED STATES OF *
AMERICA *
*
**************************

Notice FRAP, Rule 28(J)
Crawford v. U.S. 159 LEd 2d
____ (2005)

C.A No. 05-026T
Petitioner's Traverse to Government's Memorandum/ Objection Inter Alia to Petitioner's 28 USC §2255 and motion to Strike

**Petitioner moves the Court to grant the petitioner's motion to** set aside his sentence because the government admits that the Court denied the Petitioner a fair trial, due process, jury and confrontation clauses under the U.S. Constitution Amendments 5 & 6. Moreover, the government did not dispute or deny any material facts of ineffective assistance of counsel as pled and ventured that, by admission, the Petitioner was denied a fair grand jury process i.e. due process and confrontation. See Government Brief at page 5 and 6.

However, on page 6, after the government states that the Court violated Apprendi, Booker, Blakely, etc; the Court in the same over-breathe confuses the issue that none of the cases may be applied, but:

"Caba's Indictment and Trial complied with the holdings of Apprendi;" id Government Brief at 6

and then ad-libs that Booker, Apprendi and Blakely do not apply retroactively to cases on collateral review. The Government cites two circuit cases in the 11th Circuit and the 7th Circuit. Those cases did not preserve the Apprendi objections and upped, as did the Petitioner and both are guilty pleas. Petitioner's case was by jury trial, and the trial judge was so biased and caught up into the federal justice state that he actually asked the prosecutor at sentencing

4

if he could give the petitioner any more prison time.

We need not address the entire record and dwell into speculation. The facts are that **Apprendi** was not applied by the Court of appeals due to clear errors, and as did the trial judge, incorrectly and/or by bias and/or by unconstitutional denial of a fair trial, enhanced the Petitioner by an additional 18 YEARS.

The **U.S. v. Booker 160 Led 2d ____ (2005)** is retroactive to collateral review as applied in **U.S. v. Fanfan 160 LEd 2d ____ (2005)** in Justice Breyer's joining, and/or concurring opinion, last paragraph. The Ends of Justice and/or miscarriage of Justice Doctrines always requires the Court to correct Constitutional errors that deny fair trials. Id.

Ineffective assistance, "like bias judges" and denial of fair trials "are never time barred" and are, always retroactive without cause and prejudice subject to Harmless Error. **FRCvP Rule 52(b).** See **The Automatic Reversal Rule Fed. Habeas Corpus Proc. and Proc. p. 1378-1398** and **Neder v. U.S. 527 US. 1 at 7-8 (1999); Satterwhite v. Texas 486 U.S. 249, 256 (1988). Collective Error Rule F.H.C. pp. 1405-1417; 28 U.S.C. §2255 (A)(2)and(3)** -"Petitioner Caba is timely filed and this is a First §2255, not successive".

**Strike Government's Impertinent Motion**

**F.R.Cv.P., Rule 12(f)**

Rule 12(f) states in "pertinent part" that:

" ---upon motion made by a party within 20 days after service of pleading upon the party---" " the Court may order stricken from any pleading--- ANY -- Impertinent matter" i.d.

The Court ordered the Government to respond by Feb. 20, 2005. The government contemptiously refused to obey this Court's order. The Government did not object, deny, or otherwise file any motions/ pleading in opposition by Feb. 20, 2005.

The government filed, at best, a confussing Immaterial and Impertinent "Objection and Government's Memorandum of Its Objection, inter alia" on March 14, 2005, and did so without a motion and notice of motion to petitioner and Court for leave to extend time and/or consent by petitioner or the Court. The government's contempt for the Court and judicial process is arrogance, impertinent, maybe even scandalous. The government's conduct calls into question the integrity and public appearance of the judiciary by exempting itself from judicial order. It appears that the federal regime figures the Court will cover-up and/or ignore material misconduct, that is routine by the government, thus may ignore or even laugh at federal judges' orders, without fear and respect. This makes a mockery of judges and has created a well reasoned public appearance of judicial bias against citizens and/or judicial corruption in favor of a government that is above the laws and protected by federal judges.

The Court has inherent powers to protect its processes. That includes sanction to grant relief without regard to the merits of Petitioner's §2255 and/or strike the government's, and as moved herein or otherwise grant Summary Judgment **FRCvP, Rules 12(c) and 56(c); 11(b)(1)-(4)(c). See Separate Motion for Sanctions Rule 11(b)(1-4) and (c)(A)(B)(2)(A)(B)(3).**

Petitioner moves the Court to strike the Government's Objection inter alia as an attempt to sneak around the Court order and take advantage of a pro-se litigant's lack of competence of the legal process. However, with the aid of law professor R.E. Veatch pro-bono

on the brief review, the petitioner has limited assistance to address these issues.

## Issues Addressed

The petitioner, admittedly addressed the multiple ineffective assistance claims and did not dispute these material Constitutional issues. Thus, under law, the government admits that petitioner was denied effective assistance and that because there are over "3" ineffective assistance claims, the Automatic Reversal Rule (ARR) applies. The ARR defies the cause and prejudice standard of review and requires the Court to VACATE without Harmless Error concept. See, **Neder** and **Satterwhite** addressed herein. (Citation omitted).

## Reversal of Sentence

Under the preserved issue doctrine, and in cases of clarification of misinterpretation of law i.e. the U.S.S.G. and the judicial prejudice inflicted without or fair trial under facts presented to a jury and/or even to the grand jury-- the court must VACATE the sentence in its entirety, including all enhancements and fines. The radical judicial interpretation by this Court and most U.S. Courts was a consciencious effort to comply with the government over the rights of fair trial to Mr. Caba and millions of legally innocent citizen victims. This sentence must be VACATED including the fines and assessments as ehhancements as well. The Court fined Petitioner $24,815.84 ($25,000.00) and $500.00 assessment fine, and in the same breathe, admits on the record that the Petitioner is penniless and appoints an attorney for appeal and orders the government to pay for the transcripts.

The fines, as punishment, are enhancements. This is a shocking display of a Star Chamber government, and conspiracy together to destroy citizens who elected a trial over a tyrannically coerced guilty pleas or get three to ten times more time in prison by an out of control federal regime.

The Court, also retains original jurisdiction, in cases of misinterpretation of law, facts and constitution to correct an illegal and/or unconstitutional judgment pro-nunc tunc/nunc-pro-tunc. See, **Blacks Law Dictionary 8th Ed. p. 1100,** "Having retroactive legal effect through a court's inherent power to correct-- judgments" (errors, clerical errors or those errors that occur when the Court misinterprets rules or law or Constitution and may be corrected by editing judgment and/or more).

The Supreme Court ruled the U.S.S.G. were unconstitutional at the time petitioner was sentenced. See, **U.S. v. Booker, 159 LEd 2d ___, 125 S. Ct. 738 (2005)** and declared the mandatory nature/DOJ scheme as unconstitutional because the U.S.S.G. is simply "advisory in nature" (id government brief at page 6). The Supreme Court remanded the judicial control of the Federal Courthouse away from the DOJ/Federal prosecution and put those powers back were they constitutionally belong; hopefully with an independent federal judiciary, that is no longer accepting treason by DOJ threats. See **U.S. v. Green, ______ F.Supp. 3d ____ (02-10054-WGY) (U.S.D.C. D.MA 2004)** opinioned by Chief Judge William G. Young in RE of DOJ and federal prosecutors' gross corruption and a morally and constitutionally depleted federal judiciary inhis 177 page opinion of what leads to TREASON with intent to destroy the integrity and public reputation of the Federal Judiciary. The DOJ succeeded. Sadly.

That is until 5 Supreme Court judges simply said "NO MORE," we are not public whores. And backed up their play from Apprendi leading up to Booker/Fanfan.

Frivolous Argument: The government admits that Caba preserved his issue under Apprendi. (See Government's Brief p. 5) However, the sad truth is that its of no import as to retroactivity herein, although the government's out of time objection uses the defaulted line of enquiry. That's simply because of two reasonings that (1) the Booker/Fanfan is preserved on the unconstitutionality because the Booker/Fanfan ruling was by (a) declaration, (b) by application of the rule to a habeas corpus case and (c) through multiple holdings which necessarily dictates retroactively of a new rule; **See Tyler v. Cain,150 LEd 2d 632 (2001)** id at 646-47. **Apprendi**; **Ring**; **Jones**; **Booker**; **Blakely**; **Fanfan**; we believe is multiple holdings, no. In clearity, the Booker court provides remedial clarification upon Apprendi Nunc Pro Tunc.

Because petitioner is actually innocent of the Court finding of facts, the miscarriage of Justice doctrine applies, assuming, arguendo that the court may "jump on the bus again with the prosecutor." There are matters if concern. Procedurial default, there isn't any, but even if there were, actual innocence and the automatic reversal rule due to structural judicial error is always harmful requiring reversal and/or correction of sentence and/or judgment to cure much miscarriages. See; **Gonzalez V. U.S., 135 F.Supp. 2d 112 at 121-122 (D. Mass. 2001)**; "procedurial defaults excused and collateral review of enhaced sentence allowed where he was actually innocent of the crime which established him as a career offender," See **Mobley v. U.S., 994 F. Supp. 3d 553, 556-57 (E.D. Va. 1997)**; **Bousley v. U.S., 523 U.S. 614 at 623, 140 LEd 2d 828.**

This case is on the money with **U.S. v. Little**, ____ **F. Supp. 3d ____ W.L. 1424581 (D. Mass 2002)** that is the court used prior convictions not allowed to enhance under **21 U.S.C. §841** and **§846** as applied by then an unconstitutional reading of **21 U.S.C. §843 (d)(1)** based upon State Connections. See **U.S. v. Beasly,** **12 F.3d 280 at 284 (1st Cir. 1993)** "State convictions may not be used for enhancement in federal narcotic cases." (edit)

If the Court attempts to provide liberal lip service, that somehow this 2255 is inadequate or ineffective as the government suggest, then it is either a Nun Pro-Tunc or **28 U.S.C. §2241; §1651.** See **U.S. v. Banett, 178 F.3d 34, 49-50 (1st Cir. 1999).**

The savings clause applies herein as Petitioner appealed based upon Apprendi and the Court misinterpreted U.S.S.G. and promoted judicial fact finding. See **U.S. v. Maybech, 23 F.3d 888, 892-894 (4th Cir. 1994)** "to allow an illegal sentence to stand is a miscarriage of Justice," **Little** up p.3, **U.S. v. Triestman, 124 F.3d at 377-78; Mills V. Jordan, 979 F.2d 1273 at 1278-79 (7th Cir. 1992).**

"The saving clause" applies, as stated herein via the Blakely, Apprendi issues, "were preserved on direct appeal and in the trial court," thus now applies to this petitioner through Booker/Fanfan. The clear error was byde this Court, and appeals Court, "misinterpretation of the U.S.S.G.," and assumed authority, that the Court took without jurisdiction to do so. The U.S.S.G. was not mandatory and was declared unconstitutional in Booker/Fanfan. That is a watershed rule that spreads, "to this trial by jury," and to all criminal defendants because the Court was then and upto Booker et al acting without jurisdiction in violation of the 1st, 5th and 6th Amendments. Petitioner spreads the record to the 1st and 5th as well as the 6th Amendment as it so implicates the grand jury and fairness doctrine to a fair and public

trial with governmental coercion that chilled all targets criminal defendants defenses and promoted rank blackmail, extortion and mass intimidation upon witnesses and defendants willingness to bluntly testify in their own defense.

The Savings Clauses is applied to this Petitioner because he felt then and still does, he was not guilty, but actually, factually and legally innocent and again spreads that issue herein. Because the petitioner appealed these enhancements and per-se the lack of a fair trial and the judges vigor to even give this petitioner more time at sentencing because he inconvinienced the Court with a jury trial the Court should **recuse** and make a definitive order in advance, as to intent to rely upon retroactivity, so petitioner may file his brief and argument that retroactivity applies to this case, and may be all federal cases from 1984 to this time.

The U.S. Supreme Court has per-se over-ruled **Mistretta V. U.S., 488 U.S. 361 (1989); U.S. V. Watts, 519 U.S. 148 (1997); Almendarez Torres v. U.S., 523 U.S. 224 (1998);**

"We point out that Congress chose explicitly to adopt a mandatory guideline system rather than a system that would have been "only advisory", and that the statute "makes the Sentencing Commission guidelines binding upon the Court". I.D. at 488 U.S. Id. 367 (Justice Breyer Slip Op. P.9 **U.S. V. Booker** 543 US _____ (2005) as the Booker Court concluded:

---

* " that **18 U.S.C.A. : 3553 (b)(1),** which makes the Federal Sentencing Guidelines mandatory, is incompatible with todays Sixth Ammendment jury trial holding and therefore must be severed and excised [Unconstitutional] from the Sentencing Reform Act of 1984. [and] Section 3742 (e), which depends upon the Guidelines mandatory nature also must be severed and excised," [declared unconstitutional] id Syllabus Slip Op. p.3 [Justice Breyer]

  (a) Answering the remedial question requires a determination of what "Congress would have intended-"' id.

There is no doubt that the Court is duty found to correct clear error, "Nunc pro Tunc", because the Supreme Court admits the error and correction is remedial in nature and all, courts including the Supreme COurt had previously decided Mistretta; Almendarez Torres, and their pagancy of cases incorrectly. Although, the Supreme Court was politically shy - it did invite others to ignore and/or overrule their earlier rulings and clearly made mandatory U.S.S.G. sentencing unconstitutional and prohibited Judges based factfinding that enhances "anyones" sentence if he did not admit to the factfinding and/or a jury/indictment did not convict/charge such basis of judicial factfinding. In this case, as clearly reflected in the record: the petitioner objected to Judge Torres' factfinding, did not admit and in fact, appealed

the 19½ years enhancements and this preserved these issues herein and makes **Booker**, **Fanfan**, **Jones**, **Apprendi**, **Ring** and **Blakely v. Washington 160 LEd 2d ____ (2004)** a clear right under the Savings Clause of a fair trial. In addition to the comfrontation and due process of fair trials and effective assistance claims, as now addressed herein under **F.R.A.P. Rule 28(j)** as to **Crawford v Washington 541 U.S. ____, 159 LEd 2d _____ (2004)** and **Shepard v. U.S., 160 LEd 2d ____ (March 7, 2005)** that **Almendarez-Torres** and **Mistretta** prior rulings are of cause and effect in retroactive for collateral review cases, as **Booker/Fanfan** was "and is in fact" a watershed case affecting all prior claims and automatic reversal rule claims under a miscarriage of Justice doctrine in order to meet the ends of justice mandate in re: actual, factual and legal innocence. Spliting hairs were fair trials and extreme judicial neglect over 20 years of forced and extorted guilty pleas of a terrorized citizenry is outrageous -- now add insult to injury to the victims of the 20 year crimes against humanity, that the Court seems to feel it too, was a victim of prosecutorial terrorism. If this is truly a 20 YEAR judicial failure, then the Rule of Lenity applies to the retroactivity of **Booker/Fanfan**, **Crawford**, **Shepard** and their new "remedial" interpretation. And if not that way, it certainly is a Nunc Pro Tunc. We should not commit treason against the Constitution for 20 YEARS and then make the victims shore up a zillion Court ruling and shadow fight a host of 12 to 13 national meanings in these 12 to 13 U.S. Courts. If a federal judge, nor a U.S. Supreme Court Justice doesn't understand these Constitutional wrongs and government gravamen for 20 YEARS - it shouldn't ask the 12 to 16 million victims to understand how to correct and what standard of review to and how to correct a system that they still have no control over. Petitioner moves the Court to apply **Booker/Fanfan** to all cases that were prejudiced regardless

if its to be Nunc-Pro Tunc, retroactivity, automatic reversal rule at any and all stages [if] anyone was enhanced and/or mandatory sentencing controlled the Judges, and it did until now!

Retroactivity applies here and so does Nunc Pro-Tunc and automatic reversal rule as to the Courts conduct and the ineffective assistance claims that the government admits to because the government did not deny it - in their Out of Time/Barred Objection.

However, some feels and so generally does.the Supreme Court that retroactivity is made effective by and/or statutory at the District Court and passed on to the Supreme Court. **Tyler V. Cain, 150 LEd 2d 632 (2001)** made retroactivity available to Federal Habeas Corpus if;

" the Supreme Court makes a new-- rule retroactive[ly any of these methods] (1) by declaration (2) by application of the rule to a Habeas Case (id. **150 LEd 2d at 645)** or (3) thorugh multiple holdings (**Apprendi**; **Jones**; **Rings**; **Shepard**; **Crawford**; **Blakely**; and now **Booker/Fanfan**, etc.) which "necessarily dictates retroactivity of the new rule [3 id at **150 LEd 2d at 645]**."

**Booker** has clearly made its new rule retroactive to all cases. The **Booker**, **Fanfan**, **Shepard** and **Crawford** Court et al. brings into focus the Courts intent by continual reminder of In Re: **Winship, 25 LEd 2d at 375.**

**Conclusion**

Based upon all premises within the ends of Justice doctrine, miscarriage of Justice doctrine applying lack of jurisdiction to enhance; automatic reversal rule, Nunc Pro Tunc, retroactivity, ineffective

---

assistance provable claims; and the denial of a fair trial, due process, confrontation, grand jury,violations and other rumblings herein; the Court must grant this petitioner relief by granting and VACATING the conviction and resentence from him to 54-78 months.

The Court must strike the government's motion as style objection because it was out of time and a sneak-ly attempt, that hopefully, the Court shall sanction, as well.

The final issue is between God and Judge Torres -as if he is, as the Petitioner feels, too biased to rule favorable and/or without a pro-government sympathy -- then the Judge should recuse under **28 U.S.C. § 455 (a)(b)(c)** as Judge Torres admitted he wanted to even sentence this actually innocent latin young man to more time than even the U.S.S.G allowed and asked the prosecutor if he could. Since the Petitioner has become per-se a jail-house preacher -whom espouces forgiveness ---Professor Veatch was prevented from a more direct legal affront, because unlike petitioner, Professor Veacth does not believe that Federal judges respect God, the Constitution and their Oaths of Office and even worse -- thus since all that can be done with Petitioner's clear restraint herein, is to ask Judge Torres to evaluate his remarks and past conduct and decide if he is factually prejudiced and therefore recuse.

Respectfully Submitted,

Oscar Caba (Pro-se)

Professor Ron Veatch of Law
On the Brief/Next of Friend
4408 Lawrence Rd.
Ft Worth, Tex 76114
International Commission on
Crimes Against Humanity, Chair

Certificate of Service

On March 23, 2005 a true copy to the US.. Attorney for District of Rhode Island

#05-026-T

x Oscar Cabral

Oscar Cabral pro-se
Ayer, MA. 01432