Marijuana (1 gram of Heroin = 1 kilogram of Marijuana); The 934 grams of Cocaine was converted to 18.68 Kilograms of Marijuana (1 gram of Cocaine = 200 grams of Marijuana-934 x 200 = 18680÷1000). The 143.7 grams of Cocaine Base was converted to 2874 Kilograms of Marijuana (1 gram of Cocaine base = 20 Kilograms of Marijuana-143.7 x 20); even when this Defendant-Appellant was aquitted of the Cocaine Base charge it was still used as relevant conduct in order to enhance Defendant-Appellant, but in fact no relevant conduct was proven beyond a reasonable doubt or was it admitted to by this Defendant-Appellant in open court or any where for that matter. This Defendant-Appellant was never being investigated for any Cocaine Base, the Agent's never made any buy of cocaine or Cocaine Base (Crack) at any time from this Defendant-Appellant or any one else for that matter that was being investigated. The confidential informant that was used even gave testimony that Defendant-Appellant was not know to be involve with any Cocaine Base and/or Crack, the Agents that were watching the house could not even recognize this Defendant-Appellant as any of the persons they saw coming in and out of the house at 95 Ring Street. The Government even converted the money that was found into Cocaine in order to enhance Defendant-Appellant, but the money was account for and there was testimony as to where it came from, but yet it was still used in an illegal way in order to enhance this Defendant-Appellant. The agents seized $4,350 dollars and converted it to the equal value of Cocaine which converted to $4,350 corresponds to 102.77 grams of Cocaine or 20.55 Kilograms of Marijuana ($4,350 ÷ $1,200 per ounce = 3.63 oz. x 28.35 = 102.77 grmas of Cocaine x 200 = 20553.75 ÷ 1000) for a total of 2,948.63 Kilograms of Marijuana for a Total Base Offense Level of 32, but take out the crack cocaine and the money and it only totals to 74.63 Kilograms of Marijuana or at the worst 934 grams of Cocaine which

brings the base offense level back to 26 points and if I am left at Category III then I should be at 78 to 97 months, but to my knowledge I should be at Category II, for the reasons that I only have two priors, and the enhancment that was given to me based on a probation violation was not proven to any jury or admitted to by this Defandant-Appellant, nor in open court or any where for that matter. If I am sentence under the proper guideline offense level of 26 category of II then I should at 70 to 87 months which should give me about time served upon a re-sentencing with a 4 year term of supervise release imposed, not the 8 years that were imposed after this Defendant-Appellant was enhanced for his prior conviction, which is illegal based on the Booker and Fanfan, decision that was handed down on Todays date of January 12, 2005.

The means for conducting jury fact-finding are moreover well established, - so much so that, on directions from the department of justice following Blakely, federal prosecutors have been alleging enhancing facts in indictments and proving them to juries at sentencing. And ever since Apprrendi, the government has regularly pleaded drug quantity and type in indictments and secured special jury findings on those questions. The government has never explained how it claimed that jury fact-finding is impracticable can be reconciled with this actual experience. Indeed, several lower courts have already called for juries to be convened if prosecutors insist on seeking enhanced sentences based on facts that were neither admitted by the defendant nor found by a jury.[30]

---

30 See, e.g., United States Vs. Ameline, 376 F.3d 967, 983 (CA 9th 2004); United States Vs. Booker 375 F3d 508, 514 (CA 7th 2004) Also see United States Vs. Khan 325 F. Supp. 2d 218, 231-232 (E.D.N.Y. July 20, 2004)

enhance 2 point level, which would had brought Defendant-Appellant to level 28, and if the evidence held to prove a leadership role for the additional 2 point level, that would had brought this Defendant-Appellant to a base offense level of 30, with a category of II, but the government brought this Defendant-Appellant to a category of III, which guidelines point to a sentence of 121 to 151 months, if this Court would had chosen the highest scale of the guidelines of 151 months there is a difference of 142 extra months, that's 11 years 10 months enhancement on an aquitted charge. If sentence under these terms Defendant-Appellant should've received a sentence of 12 years 7 months a big difference between 12 years and 7 months compared to 24 years 5 months.

Defendant-Appellant also argues that the category level that was used by this Court for sentencing which was level III, but what should've been II, if the prior convictions were allowed to be used, the caculation should be as follows - 108 to 135 months at the highest sentencing level of 135 months which equals 11 years 3 months a difference of 158 months, 13 years 2 months.

Defendant-Appellant also argues that the proper sentencing level and category should be at category I level 26 for a sentence of 63 to 78 months at the highest sentencing level of 78 months, which comes out to 6 years 6 months, a difference of 215 months, 18 years.

However, the government will try to call this type of sentence reasonable, but how can this Court call this type of sentence reasonable when they gave Defendant-Appellant almost double the time on an aquitted charge, just because two employee's of the government (The Judge &