UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OSCAR CABA<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent[]. | § § § § § § § § § § § § | C.A. No. 05-026T |

APPLICATION FOR REASONABLE BAIL
PENDING DETERMINATION OF SECTION 2255 HABEAS CORPUS
PETITION

COMES NOW, the movant, Oscar Caba, pursuant to 18 U.S.C. § 3143(b) and hereby files this motion for release pending determination of Section 2255 motion. For cause, movant shows the following:

JURISDICTION

The district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody. See, e.g., Johnston v Marsh, 227 F.2d. 528, 531 (3rd Cir 1955).

ARGUMENT AND CITATION OF AUTHORITY

In United States v Munoz-Franco, 356 F.Supp.2d. 20, 39 (D.P.R. 2005), this Circuit set forth the factors that an individual must satisfy in order to remain free pending appeal under § 3143(b). However, in this instant case the movant is not at liberty and awaiting sentencing, but, rather, seeking interim release from incarceration while pursuing his collateral remedies. See, Glynn v Donnelly, 470 F.2d. 95 (1st Cir 1972). According to the statute a convicted felon "shall [be] order[ed][to],...be detained unless the person meets the two required criteria."

(1) that the person is not "likely to flee," or "pose a danger to the safety of anyother person ...or to the community if released."

(2) that the appeal raises a substantial question of law or fact, that is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

Id. at 39. In this case, movant satisfies each of the two requirements.

DANGER TO THE COMMUNITY AND RISK OF FLIGHT

Mr. Caba is not likely to flee or pose a danger to the safety of any person or the community if released.

Mr. Caba has been a naturalized citizen for 38 years in that he has been inthis country since he was 2 years old and his mother is a naturalized citizen of this country. He has three children that were born and remain in this country. He also has assimilated into American culture. He has regular contact with his mother, children and has strong family ties in the community as well.

In addition Mr. Caba has been on home confinement and at other community based places such as work release and has never failed to appear at any of his court appearances or hearings.

Accordings, there is clear and convincing evidence that Mr. Caba is not a flight risk and is not a danger to any person, or the community. He states for the record that on page 12 and ¶54 entitled Immigration Status contains absolutely false and misleading information concerning his statuts as a U.S. citizen and states it should not be considered in this court's decision pertaining to bail.

## MOVANT'S SECTION 2255 MOTION IS NOT FOR DELAY AND ISSUES RAISED ARE SUBSTANTIAL

Movant states that issues raised in his § 2255 are substantial and the appeal is not for delay. In his brief, Mr. Caba presents a high probability of success. He states that he was acquitted of count VI of the charges against him but was sentenced to the acquitted conduct any way.

This is one of his primary issues but has multiple extremely strong instances of ineffective assistance of counsel claims that, due to the cummulative effect, presents a substantial question whether Mr.Caba should receive a new trial or dismiss his case. He states that the special circumstances of this case presents a high probability of success.

## CONCLUSION

Because the issues presented in Mr. Caba's § 2255 demonstrate close question of law and fact that very well could easily be decided the other way. United States v Bayko, 774 F.2d. 516, 522-23 (1st Cir 1985), reasonable bail should be granted. In the alternative, Mr. Caba request that he should be release on his own personal recognizance.

The issues set forth in Mr. Caba's § 2255 are close questions of law and fact that very well could be decided the other way, and could result in a reversal or new trial. Accordingly, reasonable bail should be granted or release on his own person recognizances.

Respectfully submitted,

Oscar Caba 4/26/07

Oscar Caba, Pro Se
04697-070
FMC Devens
P.O. Box 879
Ayer, MA 01432