**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| OSCAR CABA | |
| v. | CA No. 05-026-T |
| UNITED STATES OF AMERICA | |

**MEMORANDUM AND ORDER**

Ernest C. Torres, Chief Judge.

Pursuant to 28 U.S.C. § 2255, Oscar Caba has filed a motion to vacate, set aside or correct his sentence ("motion to vacate"). For the reasons hereinafter stated, that motion is denied.

**Facts and Background**

After a six-day trial, Caba[1] was convicted by a jury of conspiring to distribute heroin and cocaine in violation of 21 U.S.C. § 841(a)(1) and 846; and possessing, with intent to distribute, heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and (b)(1)(C). He was acquitted of a third count charging possession of 143.7 grams of cocaine base (crack cocaine) with intent to distribute.

At the sentencing hearing on March 31, 2000 this Court found that under the relevant conduct provisions of the Guidelines, the 143.7 grams of crack cocaine were properly included in calculating Caba's Guideline range and that Caba was an organizer or leader for

[1] A co-defendant Manuel Vargas, Caba's drug partner, plead guilty to similar charges but testified at Caba's trial.

purposes of U.S.S.G. § 3B1.1(c). Consequently, Caba was assigned an offense level of 36, and a criminal history category of level III, which yielded a guideline sentencing range of 235 to 293 months. Caba was sentenced to 293 months imprisonment, followed by eight years of supervised release.

On appeal, Caba challenged the aforesaid findings, but the Court of Appeals rejected his challenges and affirmed his conviction. United States v. Caba, 241 F.3d 98 (1st Cir. 2001). Caba did not seek further review, and his conviction became final on or about June 1, 2001.

Caba filed the instant § 2255 motion on January 26, 2005 -- more than three and one half years later. In his motion Caba claims that his trial counsel was ineffective in not objecting to the Court's inclusion of the 143.7 grams of crack cocaine in calculating his sentence and in not adequately investigating and challenging the testimony by two Government witnesses (agent Kelleher and a confidential informant) that inter alia linked Caba to drugs that were found at the home of Caba's co-defendant Vargas. (See "Defendant-Appellant's [sic] Memorandum of Points and Authorities in Support of His Motion to Vacate" ["Pet. Mem."] at 7-30). In addition, Caba claims that his appellate counsel was ineffective in failing to adequately pursue those issues on appeal. (Id. at 25). Finally, Caba claims that considering the weight of the crack cocaine that was the subject of Count VI of the

indictment in calculating his Guideline sentencing range violated his Sixth Amendment rights as set forth in United States v. Booker, 432 U.S. 220, 125 S.Ct. 738 (2005) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), because he was acquitted of that charge, and that counsel failed to adequately challenge that calculation. (Id. at 30-40.)

The Government has filed an objection, contending inter alia that Caba's motion is untimely. Caba has moved to strike the Government's objection as, itself, untimely, but that motion is hereby denied, because Caba has not shown any prejudice resulting from the delay.

## Analysis

### I. Timeliness of Motion to Vacate

There is a one-year limitations period for seeking relief under § 2255 that generally begins to run on the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255, ¶ 6. Caba does not dispute that his motion was filed more than three and one-half years after his conviction became final, but he contends that his motion is timely under § 2255, ¶ 6(3), which provides that the one-year limitation period shall run from

> "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Caba argues that Booker and Blakely recognized a new right for a criminal defendant to have factual findings at sentencing be made

by a jury and that such right is retroactively applicable. (Pet. Mem. at 31-34.) However, contrary to Caba's contentions, Booker has not been made retroactive to cases on collateral review. See Cirio-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005) and cases cited; United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005)("This court has held that petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive.") (citing Cirio-Munoz, 404 F.3d 527).[2]

Caba's reliance on the so-called "savings clause" of § 2255 is misplaced. The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5 (emphasis added). However, the saving clause applies only where a petitioner has shown either cause and prejudice or "actual innocence." See United States v. Sustache-Rivera, 221 F.3d 8, 15-17 (1st Cir. 2000). Here, Caba has failed to do either and his motion to vacate is untimely as it was not filed within the applicable one-year limitations period.

---

[2] The finding that neither Booker not Blakely is applicable to Caba's claims effectively disposes of the motion for summary judgment that Caba attempts to assert in his Traverse, even assuming such motion was properly brought. (See Traverse at 1-2.)

II. Substantive Claims

Even if Caba's motion to vacate were timely, it is utterly devoid of merit. Caba's assertion that his trial counsel was ineffective in failing to object to the inclusion of the crack cocaine in the calculation of his sentence is belied by the record, which shows that such challenges were made and rejected both at sentencing (see Transcript of Sentencing Hearing conducted on March 31, 2000 ["Sent. Tr."] at 3, 15-21) and on appeal, see Caba, 242 F.3d at 100-102.

Caba's claim that his counsel failed to adequately challenge the testimony of agent Kelleher and the confidential informant also is flatly contradicted by the record, which shows that counsel vigorously challenged the testimony of both witnesses at trial. (See e.g. Transcript of Trial conducted on December 13, 1999 ("Trial Tr. I") at 87-139; Transcript of Trial conducted on December 14, 1999 - ("Trial Tr. II") at 51-145).

Caba's remaining claims are even more devoid of merit and therefore do not warrant extended discussion. They include claims that the "Automatic Reversal Rule" and the Rule of Lenity apply; that the denial of his last-minute request for new counsel violated his Sixth Amendment rights; and claims regarding the calculation of his Guideline sentencing range that were rejected by the First Circuit on direct appeal, see Caba, 241 F.3d at 100-101. See also Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in any prior appeal will not be reviewed again

by way of a 28 U.S.C. § 2255 motion")(internal quotes omitted).

**Conclusion**

For all of the foregoing reasons, Caba's motion to vacate, is hereby DENIED and this matter is dismissed.

IT IS SO ORDERED:

Ernest C. Torres

Ernest C. Torres,
Sr. U.S. District Judge

Date: 5/11/07