UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OSCAR CABA,

Movant,

-vs- C.A. No. 05-026T

UNITED STATES OF AMERICA,

Respondent[].

MOTION FOR RELIEF OF JUDGMENT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
RULE 60(b)(4)
OR UPON THE COURT'S OWN MOTION

COMES NOW, the movant, Oscar Caba, acting in propria persona, and in want of counsel and would aver as follows:

Movant was sentenced by the district court pursuant to the Sentencing Reform Act, mandatory Guidelines. 18 U.S.C.A. § 3553(b)(1).

Notably, that statute was ruled unconstitutional pursuant to the Sixth Amendment "jury trial guarantee." See, United States v Booker, 125 S.Ct. 738 (2005). "The general rule is that an unconstitutional statute, whether federal or state, though having the form and name of law, is in reality no law, but is wholly "void," and ineffective for any purpose.

Since unconstitutionality dates from the time of its enactment, and not merely from the date of the decision so branding it, an unconstitutional law, in legal contemplation, is as inoperative as if it is void "ab inito."

Since an unconstitutional law is void, the general principles follow that it imposes no duties, confers no rights, creates no office, or liabilities, bestows no "power or authority" on anyone, affords no protections, does not allow for the granting of any relief, and justifies no acts performed under it. Once a statute is determined to be unconstitutional, no private citizen, or division of the state may take any further action pursuant to its provisions. A contract which rests on an unconstitutional statute creates no obligation to be impaired by subsequent legislation.

No one is bound to obey an unconstitutional law, and "no courts are bound to enforce it." Once a statute has been declared unconstitutional, courts thereafter have no jurisdiction over alleged violations. See, 16A Am Jur 2d. § 203.

Mr. Caba, the movant put this Court on notice that the statute to which he was sentenced was unconstitutional. See, page 8,9 of Petitioner's Traverse to Government's Memorandum on file with this Court. Therefore, the sentence imposed by this Court is a "void judgment" and this Court thereafter had no jurisdiction over the alleged violation. See, <u>United States v Bancum</u>, 80 F.3d. 539 (D.C.

Cir 1996); and this Court acted without jurisdiction in the denial of movant's § 2255 habeas motion for release.

"The powers of the legislature are defined and limited; and those limits may not be mistaken, or forgotten, the Constitution is written. To what purpose are powers limited and to what purpose is that limitation committed to writing, if these limits may, at any time, be passed by those intended to be restrained. The distinction between a government with limited and unlimited powers is abolished, if those limits do not confine the person's on whom they are imposed, and if acts prohibited and the acts allowed are of equal obligation. It is a proposition to plain to be contested, that the Constitution controls any legislative act repugnant to it, or that the legislature may alter the Constitution by any ordinary act. Between these alternatives there is no middle ground. The Constitution is either a Superior Paramount Law, unchangeable by ordinary means, or it is on a level with ordinary legislative acts, and like other acts, is alterable when the legislature shall please to alter it. If the former part of the alternative be true, then a legislative act contrary to the Constitution, is not law; if the latter part be true, then written Constitutions are absurd attempts, on the part of the people, to limit a power in its own nature illimitable. If then the Courts are to regard Congress has forbidden non-statutory confinement in federal prison by 18 U.S.C.

§ 4001(a), which expressly states: "No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an "Act of Congress." Lono v Fenton, 581 F.2d. 645, 648 (7th Cir 1978); also: Hamdi v Rumsfield, 124 S.CT. 2633 (Souter, J. dissenting). The movant was sentenced and imprisoned by the authority granted by Congress pursuant to the Sentencing Reform Act (1984), pursuant to the mandatory Guidelines. See: 18 U.S.C.A. § 3553(b)(1), which was ruled unconstitutional pursuant to the Sixth Amendment "jury trial guarantee."

Therefore, movant Caba's sentence and judgment and commitment order are void "ab inito" and he is being held without Congressional Authority and without jurisdiction.

## AUTHORITY AND DUTY OF COURT

Relief from "void judgment," Fed.R.Civ.P 60(b)(4) is not discretionary. See, Chambers v Armontrout, 16 F.3d. 257 (8th Cir 1994).

The movant pursuant to Rule 60(b)(4), may attack judgment for lack of jurisdiction over person at any time, since judgment rendered without jurisdiction over person would be void. Taft v Donellan Jerome Inc, (1969 CA7 Ind.) 407 F.2d. 807, 12FR Serv2d. 1341. See also, Gonzalez v Crosby, 162 L.Ed.2d. 480 (2005). See, Id at 494.

The Constitution and the Constitution is Superior to any ordinary act of the legislature, the Constitution, and not any such ordinary act must govern the case to which both apply. Why does a judge swear to discharge his duties agreeably to the Constitution of the United States, if that Constitution forms no rule for his government -- if it is closed upon him and cannot be inspected by him. If such be the real state of things, this is worse than Solemn mockery. To prescribe or to take oath, becomes equally a crime. It is also not entirely unworthy of observation that in declaring what shall be the Supreme Law of the land, the Constitution is first mentioned, and not the laws of the United States, generally, but those only which shall be made in pursuance of the Constitution shall have that rank.

Thus, the particular phaselogy of the Constitution of the United States confirms and strengthens the principle, supposed to be essential to all written Constitutions, that a law repugnant to the Constitution is void; "and, that Courts as well as other departments, are bound by the instruments." Marbury v Madison, 1 Cranch 137, 176, 179 (1803). "As federal courts, we are Courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from legislative Acts of Congress. See, Insurance Corp of Ir. Ltd v Compagnie des Bauxites de Guinee, 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d. 492 (1982).

When a statute has been in effect for some time is declared unconstitutional,question of rights claimed to have become vested, of statuts, of prior dterminations deemed to have finality and acted upon accordingly and of Public Policy inthe light of the nature both of the statute and of its previous application, "demand examination." Chicot County Drainage Dist v Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940' reh'g denied, 309 U.S. 695, 60 S.CT. 581, 84 L.Ed. 1035 (1940).

Once a statute has been declared unconstitutional courts thereafter have no jurisdiction over alleged violations. United States v Bancum, 80 F.3d. (D.C. Cir 1996).

## CONCLUSION

Therefore, the movant, Oscar Caba should be immediately released because this Court nor the Attorney General have jurisdiction over him in that his sentence and judgment imposed were a nullity "ab inito" and in action performed by this Court thereafter was in lack of jurisdiction and all proceedings are void.

Respectfully submitted,

Oscar Caba 5/22/07

Oscar Caba, Pro Se

CERTIFICATE OF SERVICE

This is to certify that the Movant, Oscar Caba's foregoing "Motion For Relief of Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) or upon the Court's Own Motion " was served upon the following:

Kenneth P. Madden, Esq.
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

by hand delivering a copy of same in an envelope with first class postage affixed to insure delivery to H-Unit team. Houston v Lack, 487 U.S. 266 (1988).

Dated: This 22 day of May, 2007.

Respectfully submitted,

Oscar Caba 5/22/07
Oscar Caba, Pro Se

Jesus is my victory.