IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OSCAR CABA | ) | |
| | ) | |
| vs. | ) | C.A. No. 05-026T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION FOR RELIEF OF JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b)(4) OR UPON THE COURT'S OWN MOTION**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, Assistant U. S. Attorney, and objects to petitioner's Motion For Relief Of Judgment Pursuant To Federal Rules Of Civil Procedure Rule 60(b)(4) Or Upon The Court's Own Motion for those reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys,

Robert Clark Corrente
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar #1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATION

I hereby certify that on the 15th day of June, 2007, I mailed a true copy of the Within Government's Objection To Petitioner's Motion For Relief Of Judgment Pursuant To Federal Rules Of Civil Procedure Rule 60(b)(4) Or Upon The Court's Own Motion , ordinary mail and postage prepaid, to:

Oscar Caba
Reg. No. 04697-070
Federal Medical Center - Devens
P.O. Box 879
Ayer, MA 01432

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar #1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OSCAR CABA | ) | |
| | ) | |
| vs. | ) | C.A. No. 05-026T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITIONER'S MOTION FOR RELIEF OF JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b)(4) OR UPON THE COURT'S OWN MOTION**

After a six-day trial, a jury convicted defendant Oscar Caba on five of six counts charged in the Indictment. At sentencing, the Court found that 143.7 grams of crack cocaine was properly included in the drug weight calculation as relevant conduct under the Sentencing Guidelines. The Court also found that Caba was an organizer or leader for purposes of U.S.S.G. § 3B1.1(c). The Court then sentenced Caba to concurrent sentences of 293 months of imprisonment to be followed by eight years of supervised release. Caba appealed to the First Circuit Court of Appeals raising issues that the inclusion of the crack cocaine as relevant conduct and a role-in-the-offense determination violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), and also that these determinations were not supported in the record. The Court of Appeals rejected these arguments and affirmed the conviction on March 2, 2001. United States v. Caba, 241 F.3d 98 (1st Cir. 2001). Caba did not file a writ certiorari.

On or about January 26, 2005, Caba filed a petition pursuant to 28 U.S.C. § 2255. In his petition, Caba, citing to United States v. Booker, 543 U.S. 220 (2005), and other cases, argued

that his sentence violated the Sixth Amendment because the sentence was based, in part, upon crack cocaine conduct which he never admitted and of which the jury found him not guilty. He further argued that his counsel rendered ineffective assistance. On May 11, 2007, This Court denied the petition, ruling that Caba's § 2255 petition was untimely and his claims of ineffective assistance of counsel were "utterly devoid of merit."

In this present motion, brought pursuant to Fed. R. Civ. P. 60(b)(4) and in reliance upon Booker, Caba argues that his sentence is unconstitutional and void and that he should be immediately released. For the reasons which follow, his motion should be denied.

The Instant Motion Should be Considered a Successive 28 U.S.C. § 2255 Petition

Caba attempts to circumvent the gate-keeping requirements of § 2255 by labeling his motion as one made pursuant to Fed. R. Civ. P. 60(b).

Rule 60(b) allows a party to seek relief from a final civil judgment and authorizes the reopening of a case, but only under limited circumstances. The rule provides in pertinent part:

> [T]he court may relieve a party…from a final judgment…for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud…, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; …or (6) any other reason justifying relief from the operation of the judgment.

The First Circuit addressed the use of Rule 60(b) motions by federal prisoners as a means of reopening dismissals of § 2255 petitions in Munoz v. United States, 331 F.3d 151, 152-153 (1st Cir. 2003). In that case, the court ruled that a 60(b) motion "should be treated as a second or successive habeas petition if – and only if – the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." Id. at

152-153, quoting Rodwell v. Pepe, 324 F.3d 66, 67 (1st cir. 2003)(holding the same as to habeas petition brought under 28 U.S.C. § 2254). Therefore, if a Rule 60(b) motion is deemed a "second and successive" petition, a court must dismiss the motion for lack of subject matter jurisdiction or transfer the matter to the Court of Appeals for authorization pursuant to 28 U.S.C. §§ 2244(b)(3) and 2255. See, Munoz, 331 F.3d at 153; United States v. Barrett, 178 F.3d 34, 41 and n. 1 (1st Cir. 1999).

While rule 60(b) does not apply to criminal judgments, it may apply to civil judgments entered in post-conviction §§ 2255 or 2254 proceedings. See, Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)(holding that "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion should be considered as a rule 60(b) motion and not a successive habeas petition). Rule 60(b) cannot, however, be used to vacate an underlying criminal conviction. See e.g., Boyd v. United States, 2005 WL 2177172 (D.R.I. September 8, 2005)(holding that a rule 60(b) motion used to vacate the underlying criminal action is procedurally improper and must be dismissed); United States v. O'Keefe 169 F.3d 281, 289 (5th Cir. 1999)(rule 60(b) does not provide for relief from a judgment in a criminal case); United States v. Mosavi, 138 F.3d 1365 (11th Cir. 1998)(holding that motions under Fed. R. Civ. P. 60(b) may not be used to attack criminal convictions).[1]

Caba's claims that 18 U.S.C. § 3553(b)(1) is unconstitutional under Booker, that This Court has no jurisdiction over him, and that his sentence imposed by This Court is a nullity. This

[1] See Also, United States v. Ramirez, 2007 WL 4303 (10th Cir. January 2, 2007)(unpublished); United States v. Simpson, 238 F.3d 417 (4th Cir. 2000)(unpublished); United States v. Hart/Cross, 230 F.3d 1360 (6th Cir. 2000)(unpublished); United States v. Cabero, 2005 WL 1484669 at *1 (E.D.Tenn. June 21, 2005).

alleged error relates to the constitutionality of his underlying conviction, not to the manner in which his prior § 2255 motion was adjudicated. Thus, to the extent that Caba seeks to set aside the underlying criminal conviction and sentence, his 60(b) motion is procedurally improper.

Accordingly, Caba's motion to set aside the judgment under rule 60(b) should be construed as a second or successive § 2255 habeas petition.

The Successive 28 U.S.C. § 2255 Should be Dismissed

Assuming that this Court construes this motion as a § 2255 petition, it should dismiss the petition on grounds that Caba has failed to obtain the necessary authorization for his successive habeas petition from the Court of Appeals. Section 2255 states, in part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Local Rule 22.2 of the First Circuit Court of Appeals mandates that a second or successive § 2255 petition filed in the District Court without authorization of the Court of Appeals be transferred to the Court of Appeals or be dismissed by the District Court. See, Barrett, 178 F.3d at 41. The decision whether to transfer or dismiss appears to be discretionary. Id. at 41. n.1.

As Caba has not met the requirements for successive habeas petitions under § 2255 and his claim is totally devoid of merit, this Court, in the exercise of its discretion, should dismiss the petition.

The Merits of Caba's Claim

Contrary to Caba's suggestion, Booker did not invalidate the entire Sentencing Guidelines scheme and void his sentence. Rather, only the mandatory provisions of the Guidelines scheme, 18 U.S.C. §§ 3553(b)(1) and 3742(e), were "severed and excised." The Booker Court then stated, "So modified, the federal sentencing statute . . . makes the guidelines effectively advisory." Booker, 543 U.S. at 245. Caba's sentence survives intact.

Further, the holding of Booker derives from the holdings in Blakely v. Washington, 542 U.S. 961 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000). The holdings of Blakely and Apprendi were new constitutional rules of criminal procedure. Under Teague v. Lane, 489 U.S. 288 (1989), they are not retroactively applicable to cases that became final before those decisions were announced. See Schriro v. Summerlin, 124 S. Ct. 2519, 2524-26 (2004) (Teague bars retroactive application of Apprendi-based death penalty decision of Supreme Court in Ring v. Arizona, 536 U.S. 584 (2002)); Sepulveda v. United States, 330 F.3d 55, 59-63 (1st Cir. 2003) (Apprendi is not retroactively applicable under Teague); Orchard v. United States, 332 F. Supp.2d 275, 277 (D. Me. 2004) (holding that Blakely is not retroactively applicable under Teague and collecting cases on point); United States v. Stancell, 346 F. Supp.2d 204 (D.D.C. 2004). Caba's conviction was final before both Blakely and Booker were decided. Booker is itself a new constitutional rule of criminal procedure, and like Blakely and Apprendi, should not be applied retroactively. See Varela v. United States, 400 F.3d 864 (11th Cir. 2005) (Booker does not apply retroactively to cases on collateral review); United States v. McReynolds, 397 F.3d 479 (7th Cir. 2005) (Booker does not apply to criminal cases that became final before January 12, 2005).

Booker, therefore, has no applicability to the defendant's case.

This motion should be denied.

Respectfully submitted,

Robert Clark Corrente
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar #1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June 2007, I served a copy of the within Government's Memorandum In Support of It's Objection To Petitioner's Motion For Relief Of Judgment Pursuant To Federal Rules Of Civil Procedure Rule 60 (b)(4) Or Upon The Court's Own Motion, by ordinary mail and postage prepaid, to:

Oscar Caba
Reg. No. 04697-070
Federal Medical Center - Devens
P.O. Box 879
Ayer, MA 01432

/s/ Kenneth P. Madden
Kenneth P. Madden
RI Bar #1680
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov