**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **OSCAR CABA,** **Movant,** .v. **UNITED STATES,** **Respondent.** | **C . A . NO: 05-026T** |

**MOVANT'S REBUTTAL TO GOVERNMENT'S OBJECTION TO RULE 60 (B) (4)OF F . R . CIV. PROC. OR UPON COURT"S OWN MOTION**

On page (2) of the government's objection the AUSA moves this court to construe movant's 60 (b) as a successive § 2255. Mr. Caba was sentenced pursuant to the mandatory guidelines **18 U.S.C. §3553 (b)(1)** of the sentencing reform act of 1984. That Statute was ruled unconstitutional in **United States .v. Booker,** 125 S. Ct. 738 (2005); movant's only reliance on Booker is the court's remedial opinion ruling **18 U.S.C. § 3553 (b)(1)** unconstitutional (justict Breyer) Stated: " that **18 U.S.C. § 3553 (b)(1),** which makes the federal sentencing guidelines mandatory, is incompatable with today's sixth amendment jury holding and must be severed and excised from the sentencing reform act of 1984. This was the provision of the sentencing reform act of 1984 used to impose mr. Caba's sentence and issue his judgment and committment. This provision **18 U.S.C. 3553 (b)(1)** bestowed no statutory authority on the district court because it is an unconstitutional statute.

**See:** **16A Am Jur 2d : 203** note **39**. The lack of statutory authority to make particular order or a judgment is akin to lack of subject-matter jurisdiction and is subject to collateral attack. **46 AM Jur 2d § 24** note **3**.

A judgment issued by a trial court without jurisdiction is a nullity. **46 AM Jur §24** note **4**. As for as the government argues that movant cannot use 60 (b) to attack his underlying criminal judgment. All proceedings founded on " **Void Judgment** " are themselves regarded as invalid. Therefore mr. Caba's direct appeal and section **2255** judgments are themselves void. **46 AM Jur 2d § 29** note **6**. See also: **46 AM Jur 2d § 30** note **1, 2.** Movant strenuously objects to his motion being construed because it can be applied to the direct appeal or section **§2255** judgments. On page **3** and **4** of the government's objection the government attorney states that mr. Caba's claim that the district court had no jurisdiction pursuant to **18 U.S.C. § 3553 (b)(1)** to impose his sentence relates to the constitutionality of his underlying conviction is a complete mischaracterization of mr. Caba's claims. The alleged constitutional infimity in this case is not a challenge to the underlying conviction nor is it a challenge to the "initiating of the proceedings, but in the imposition of punishment which this court could not constitutionally exact under the mandatory guidelines. **See:** **18 U.S.C. § 3553 (b)(1). See also Ellis .v. Dyson** 421 U.S.**Id** **at** 441 n.7, 95 S. Ct. **at** 1699 n. 7, 44 L. Ed. 2d 274 (1975). The government fails to recognize that other districts and circuits have previously distinguished between new rules of criminal procedure and new substantive decisions rendering invalid a

statute under which the person seeking collateral relief was previously punished. **Teague** does not apply to the latter. **Chambers .v. U.S.**, 22F. 3d 939 (9thcir.1994). * Justice Harlan in **Mackey,** 401 U.S. **at** 692-93 n.8, 91 S. Ct. **at** 1180 n. 8. As the cases cited by Justice Harlan makes clear, one historic purpose of the **writ**---which he sought to preserve in the first exception was to free individuals who were convicted and punished " under a unconstitutional statute. **See Ex Parte Siebold,**100 U.S. 371, 376-77, 25 L. Ed. 717 (1880). " An unconstitutional lawis void, and is as no law, An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void and cannot be a legal cause of imprisonment." mr. Caba is asserting his right not to be incarcerated under an (unconstitutional statute. **Massachusetts .v. Oakes,** 491 U.S. 576, 585, 588, 109 S. Ct. 2633, 2639, 2640, 105 L. Ed. 2d 493 (1989) **(opinion Scalia J.).**

The first circuit has recognized in a similar vien. "When dealing with matters that govern a court's jurisdiction there is no concievable bar to retroactive application of a new judicially declared rule. **See: Stella .v. Kelley,** 63 F. 3d 71 (1stcir 1995).

Mr. Caba's claim is that his sentence and judgment and committment are void and that the court lacked statutory authority pursuant to **18 U.S.C. § 3553 (b)(1)** of the sentencing reform act of **1984,** Since that statute is unconstitutional pursuant to the sixth amendment to the **U.S. Constitution** and the remaining portion (The advisory guidelines) have nothing to do with mr. Caba's sentence because he was sentenced under the mandatory guidelines.

It is not necessary to take any steps to have a void judgment reversed or vacated. Such a judgment is open to attack or impeachment in any proceeding direct, or collateral, and at any time. **See** **46 AM Jur 2d § 29** note **11-15**. Movant once again stresses that he does not wish his motion to be recharacterized. **See Adams .v. U.S.,** 155 F. 3d 582 ( 2dcir. 1998) also **See U.S. .v. Miller,** 197 F. 3d 644 (3dcir. 1999). Movant states that this court if

necessary can **Sua Sponte** " on its own motion rule on the merritts of movant's claims.

This court has a duty to uphold the constitution, and a law contrary to the constitution may not be enforced. **Painter .v. Shalala,** 97 F. 3d **at** 1359 (10thcir. 1996). When a judge does not fully comply with the constitution, then his orders are void. **In re Sawyer,** 124 U.S. 200 (1888); he is without jurisdiction, and he has engaged in an act or acts of treason."" NO STATE LEGISLATOR OR EXECUTIVE OR JUDICIAL OFFICER CAN WAR AGAINST THE CONSTITUTION WITHOUT VIOLATING HIS UNDERTAKING TO SUPPORT IT. **Cooper .v. Aaron,** 358 U.S. 1, 78 S. Ct. 1401 (1958).

## CONCLUSION

Mr. Caba therefore, moves this Honorable Court to immediately release him from prison because even if the court could impose any legal sentence under **18 U.S.C. § 3553(b)(1),** mr. Caba has already exceeded it and is being held in violation of his right to "Due Process."

Respestfully Submitted,

Oscar Caba 6/19/07

OSCAR CABA # 04697-070
F . M . C . DEVENS
AYER, MASS. 01432-0879

CERTIFICATE OF SERVICE

I, Oscar Caba hereby certify that I have served a true and correct copy of the following:

Movant's Rebuttal to Government's Objection to Rule 60 (B) (4) of F. R. CIV. PROC. or upon Court's own Motion

Which is seemed filed at the time it was deliver to prison authorities for forwarding, **Houston v. Lack, 101 L. Ed. 2d 245 ( 1988)**, upon the defendan[t]s and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to;

Kenneth P. Madden, Esq;
United States Attorney's office
Fleet Center
50 Kennedy Plaza. 8th Floor
Providence, Rhode Island 02903

and deposited same in the United States Postal Mail at the June, 19 day of: 2007,

Oscar Caba
6/19/07