IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODA ISLAND

| | | |
|---|---|---|
| OSCAR CABA,<br>Appellant, | ) | |
| .V. | ) | CASE. CRIM: NO: 05-026T |
| UNITED STATES,<br>Respondent. | ) | |

APPLICATION FOR CERTIFICATE OF APPEALABILITY

Comes now, Appellant, Oscar Caba, acting in properia persona and in want of counsel, who avers as follows:

(1). "[W]hen a haeas applicant seeks permission to initiate appellate review of the dismissal of his petition, the court of appeals should limit its examination to a theshold inquiry into the underlying merrit of his claims. See: **Miller-El .v. Cockerell,** 537 U.S. at 327, 123 S. Ct. 1029, 154 L.Ed 2d 931 (2003). "This thrshold inquiry doess not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." Id. at 336, 123 S. Ct. 1029.

(2). A C.O.A. will be granted if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253 (c)(2) (west 2003). "A petitioner satisfies this standard by demonstrating that jurist of reason could dissagree with the district court's

resultion of the constitutional claims or that jurist could conclude the issue presented are adequate to desserve encouragement to proceed further." **Miller-El**, 537 U.S. at 327, 123 S.Ct. 1029. "The question is the debatability of the underlying constitutional claim, not the resolution of the debate." **Id** at 342, 123 S.Ct. 1029." "Indeed, a claim can be debatable even though every jurist of reason might agree,after the C.O.A. has been granted and the case has recieved full consideration, that petitioner will not prevail." **Id at** 338, 123 S.Ct. 1029. Finally, because mr. Caba, was sentenced pursuant to an unconstitutional statute and the court lacked jurisdiction over the subject-matter of the proceedings, any doubts as to whether a C.O.A. should issue, must be resolved in mr. Caba's favor.

Caba's sentence was imposed and his judgment and committment was issued by the District Court In abscence of Statutory authority (Subject-Matter Jurisdiction)

(1). This appeal stems from a text order issued denying mr. Caba's motion for relief of "void" judgment pursuant to rule 60(b)(4) or upon the court's own motionentered on 6/26/07, for reasoned stated in the United States objections to the petition. Which was nothing more than a miscombobulated maleng of Rhetoric to make an end run around the constitutional claims in mr. Caba's petition. The arguments nor the case-law cited by the United States has nothing to do with the issues presented in mr. Caba's brief, as will be demonstrated below.

The district court judge made no finding of fact or conclusion of law as required by rule 52(a) of the Federal Rules Of Civil Procedures.

(2). On page 2 of the United States objection to the 60(b) motion, the government attorney states that mr. Caba relies upon United States, .v. Booker, is not only untrue but is intentionally misleading the court.

The only reliance on Booker, is the remedial decision that ruled the mandatory guidelines unconstitutional. **See** page 4 of mr. Caba's rule 60(b) motion on file with this court. **See** also mr. Caba's rebuttal to the government's objection at page 1 on file with the district court. On page 3 and 4 of the government's objection. "Caba claims that **18 U.S.C. § 3553(b)(1)** is unconstitutional under **Booker** that this court has no jurisdiction over him and that his sentence imposed by this court (District Court) is a nullity. "This error relates to the constitutionality of his underlying conviction, not to the manner his prior §2255 motion was adjudicated." This is another blantant untruth from the government's attorney. Mr. Caba made this obsolutely clear in his rebuttal to the government's objection on page 2 and we quote from the brief."
THe alleged constitutional infirmity in this case is not a challenge to the underlying conviction nor is it a challenge to the "initiating of the proceeding but in the imposition of punishment which this court (District Court) could not constitutionally exact under the mandatory guidelines. **See: 18 U.S.C. § 3553(b)(1). See also: Ellis .v. Dyson**, 421 U.S. **Id** at 441 n.7, 95 S. Ct. at 1699 n.7, 44 L. Ed. 2d 274 (1975). Mr. Caba addressed the government's argument that mr. Caba could not attack the underlying criminal judgment; we cite from page 2 of mr. Caba's rebuttal to the government's objection. "As for as the government argues that movant cannot use 60(b) to attack his underlying criminal judgment. All proceedings founded on "void judgment" are themselves regarded as invalid. Therefore,Mr. Caba's direct appeal and section 2255 judgments are themselves void, **46 AM Jur 2d § 29 note 6.** See also **46 Am Jur 2d §30 note 1,2.** movant strenuously objects to his motion being construed because it can be applied to the direct appeal or section 2255 judgment." On page 3 and 4 of the governments objection the government attorney states that mr. Caba's

claim that the district court had no jurisdiction pursuant to **18 U.S.C. § 3553(b)(1)** to impose his sentence relates to the constitutionality of his underlying conviction is a complete mis-characterization of mr. Caba's claim and is another blantant attack to mislead and confuse the district court and appropriate rule 11 sanctions should be applied.

(3). On page 4 of the government's objection the government attorney having already construed mr. Caba's motion as a successive 2255 moves the district court to dismiss the motion. The government fails to recognize that other circuits have previously distinguished between new rules of criminal procedure and new substantive decisions rendering invalid a statute under which the person seeking collateral relief was previously convicted and "punished." **Teague**, does not apply to the latter. **Chambers .v. U.S.**, 22 F.3d **at** 942 (9thCir. 1994).

(4) Justice Harlan in his retroactivity analysis in **Mackey .v. United States**, 401 U.S. 667, 692, 91 S. Ct. 1160, 1180, 28 L.Ed 2d 404 (1971), stated in Part: "That the first exception was designed to track the historic scope of the writ. **See Id.** at 692-93 n.8, 91 S.Ct. at 1180 n. 8. As the case cited by Justice Harlan make clear, one historic purpose of the writ--which he sought to preserve in the first exception was to free individuals who were convicted and "punished" Under an unconstitutional statute. **(Emphasis mine). See: Ex Parte Siebold,** 100 U.S. 371, 376-77, 25 L. Ed. 717 (1880).

An unconstitutional law is void, and as is no law. an offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void and cannot be a legal cause of imprisonment. Issuance of the writ in this case on substantive grounds under an unconstitutional statute and there will be no adverse collateral

consequences of retrial in this case, this issue could well be a novelty and one of first impression. Because the Supreme Court in **Teague**, adopted Justice Harlan's approach to retroactivity, and because Justice Harlan clearily intended for the first exception to apply to cases like this one; this court should reject the government's retroactivity argument. Another reason for this court to reject the government's retroactivity argument. Mr. Caba is challenging the district court's statutory authority to impose his sentence and issue his judgment and committment pursuant to an unconstitutional statute and the court's subject-matter jurisdiction. In a similar vein this court has held, "when dealing with matters that govern a courts jurisdiction there is no concievable bar to retroactive application of a "new" judicially declared rule. **See: Stella .v. Kelley**, 65 F. 2d **at** 74 (1stCir. 1995). Since mr. Caba's issue may be novel and one of first impression he will recite his argument to the court to stop any confusion.

**Issue 1.**

Mr. Caba's sentence and Judgment and Committment are **"Void"** **ab initio**

**(1).** The district court sentenced mr. Caba to concurrent sentences of 293 months of imprisonment to be followed by eight years of supervised release. The sentence was imposed pursuant to **18 U.S.C. § 3553(b)(1);** the mandatory guidelines of the sentencing reform act of **1984.**

(2). Notably that statute, **18 U.S.C.§3553(b)(1),** has since been ruled unconstitutional pursuant to the sixth amendment "Jury guarantee of the United States constitution. **See: United States .v. Booker,** 125 S.Ct. 738 (2005).(Justice Breyer), in the remedial opinion Stated:

"That **18 U.S.C. § 3553(b)(1)**, which makes the federal sentencing guidelines mandatory, is incompatable with today's sixth amendment jury holding and must be severed and excised from the sentencing reform act of **1984**." (**Justice Steven's** concurring opinion in Rita) Stated: First whether he liked it or not, he said that the court's remedial decision in **Booker**, "is now settle law and must be accepted as such. The district court nor the probation department never even looked at **18 U.S.C. §3553(a)** sentencing factors when it calculated and imposed the sentence in the instant case.

(3). Since, an unconstitutional statute is void the general principles follow, that it imposes no duties, confers no rights, creates no office, or liabilities, "bestows no power or authority on anyone," affords no protection, is incapable of creating any rights or obligations, does not allow for the granting of any relief, and justifies no acts performed under it. Once a statute is determined to be unconstitutional, no private citizen or division of the state may take any further action pursuant to its provisions. "A contract which rests on an unconstitutional statute creates no obligation to be impaired by subsequent legislation." **See: 16A AM Jur 2d §203**.No one is bound to obey an unconstitutional law, and no courts are bound to enforce it.

Once a statute has been declared unconstitutional, courts thereafter have no jurisdiction over alleged violations. **See U.S. .v. Baucum,** 80 F. 3d 539 (D.C. Cir. 1996)."A law contrary to the constitution may not be enforced." **Painter .v. Schalala**,97 F. 3d. 1351 (10th Cir. 1996).

(4). The general rule is, that an unconstitutional statute, though having the form and name of law, is in reality no law, but is wholly void, and ineffective for any purpose; "since unconstitutionality dates from the time of its enactment, and not merely from the date of

the decision so branding it." **See: 16A AM Jur 2d § 203 note 30.**

**(5).** Therefore, the judgment of the district court imposing mr. Caba's sentence and issuing his judgment and committment to the bureau of prisons (B.O.P.) is void **ab initio**. The statute **18 U.S.C. §3553(b)(1),** the mandatory guidelines of the sentencing reform act of **1984** bestowed no statutory power or authority on the district court to impose sentence or issue the judgment and committment. **See: 16A AM Jur 2d §203 note 39**. "The lack of statutory authority to make particular order or a judgment is akin to lack of subject-matter jurisdiction and is open to collateral attack. **See: 46 AM Jur 2d §24 note 3.**

**(6). The constitutional infirmity alleged in this case, is** not an attack on "the underlying conviction, nor in the initiating of the proceedings," but in the eventual imposition of the sentence and punishment which the district court could not constitutionally exact. **See: Ellis .v. Dyson,** 421 U.S. **Id At** 441 n.7, 95 S.Ct. at 1199 n.7, 44 L.Ed 2d 274 (1975).

(7). "A judgment issued by a trial court without jurisdiction is a nullity." 46 AM Jur 2d §29 note 4. "It is not necessary to take any steps to have a void judgment reversed or vacated. Such a judgment is open to attack or impeachment in any proceedings, direct or collateral, and at any time. **See: 46 AM Jur 2d §29 note 11-15**. The general rule is that a judgment which is void cannot be cured by subsequent proceedings. **See:** 46 AM Jur 2d § 30 note 1,2.; therefore mr. Caba's judgment on his initial direct appeal and on his section 2255 that he now attacks in these proceedings are also void.

(8). "Rule 60(b) Federal Rules civil Procedures authorizes the district court to grant relief from 'Void judgment," relief from 'void judgment ' is not discretionary. **See:** **Wright and Miller Federal Practice and Procedure § 2862 at 197** (1973).

(9). "As federal courts we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution, and legislative acts of Congress. **See:** **United States .v. Harris,** 149 F.3d at 1308 (11thCir. 1998); "A court....will raise lack of subject-matter jurisdiction on it's own motion." **Fitzgerald .v. Seaboard Syst. R.R Inc**; 760 F.2d at 1251 (11thCir. 1985).

(10). In sum, the district court plainly lacked subject-matter jurisdiction to impose mr. Caba's sentence and issue his judgment and committment pursuant to the mandatory federal sentencing guidelines of the sentencing reform act of **1984, See: 18 U.S.C. §3553(b)(1)** an unconstitutional statute.

(11). The advisory guidelines have nothing to do with the imposition of mr. Caba's sentence and to apply them retroactivitely to his case would be a blantant violation of the Due Process Clause.

## CONCLUSION

THEREFORE MR. CABA'S SENTENCE AND HIS JUDGMENT AND COMMITTMENT ARE A NULLITY" **AB INITIO** AND HIS SENTENCE MUST BE VACATED FOR LACK OF JURISDICTION AND MR. CABA IMMEDIATELY RELEASED FROM PRISON.

Respectfully Submitted,

Oscar Caba

OSCAR CABA # 04697-070
F.M.C. DEVENS, P.O. BOX 879
AYER, MASSACHUSETTS. 01432-0879

DATED 3 JULY 2007,