IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OSCAR CABA, | § | |
| Movant, | § | |
| -vs- | § | C.A. No. 05-026 T |
| UNITED STATES OF AMERICA, | § | |
| Respondent[ ]. | § | |

MOTION IN REBUTTAL OF GOVERNMENT'S
OBJECTION TO CERTIFICATE OF APPEALABILITY

COMES NOW, the Movant, Oscar Caba, acting in propria persona and in want of counsel, who avers as follows:

Mr. Caba states that the district court abused its discretion and made an error at law in accepting the government's argument that his Rule 60(b)(4) should be treated as a second or successive § 2255 petition. See, Koon v United States, 135 L.Ed.2d. 392 at 414 (1996) "A district court by definition abuses its discretion when it makes an error of law."

As demonstrated in Mr. Caba's Rule 60(b)(4) motion and in his application for a Certificate of Appealability ("COA"), that his section 2255 was founded on a void judgment because Mr.Caba was sentenced under the authority of an unconstitutional statute. 18 U.S.C. § 3553(b)(1); the mandatory federal sentencing guidelines. The Supreme Court stated in Norton v Shelby County, 118 U.S. 425, 442, 6 S.Ct. 1121, 1125, 30 L.Ed. 178 (1886), in considering an unconstitutional statute, "It confers no right, it imposes no duties, it affords no protection, it creates no office, it is, in legal comtemplation, as inoperative as though it had never been passed." See, Atkins v United States, 556 F.2d. at 1092 (1977).

To sentence Mr. Caba pursuant to the Mandatory guidelines; 18 U.S.C. § 3553(b)(1) of the Sentencing Reform Act of 1984, was a violation of the Sixth Amendment of the United States Constitution, and was therefore constitutionally impermissive for all the reasons stated in Mr. Caba's Rule 60(b)(4) motion and his application for a (COA) and was totally ineffective in law and conferred no statutory power or authority on the district court to impose Caba's sentence or issue his judgment and commitment. See: 16 A.Am.Jur.2d. § 203, notes 39, 41. "The lack of statutory authority to make particular order or judgment is akin to lack of subject-matter jurisdiction and is subject to collateral

attack." See, 46 Am. Jur.2d. § 24, note 3. "A judgment issued by a trial court without jurisdiction is a nullity." See, 46 Am.Jur.2d. § 24, note 4

Moreover, Mr. Caba's section 2255 decisions was founded on the void judgment and is also void. See: 46 Am.Jur.2d. § 29, note 6.

Therefore, Mr. Caba's Rule 60(b)(4) motion was properly before the Court attacking his previous void section 2255 and the district court made an error of law in accepting the government's argument that his motion was a second or successive 2255 and this was an abuse of discretion on the part of the district court. See: Koon, supra at 414.

At page 2 of the government attorney's objection he once again misrepresents the facts and tries to deceive the Court and appropriate Rule 11 sanctions should be applied.

Also, contrary to the government's attorney's statement on page 2 of his objections this Court has jurisdiction over Caba's Rule 60(b)(4) motion and it is properly before this Court on a COA.

The governemnt attorney's statement that Caba's argument is grounded in United States v Booker, 532 U.S. 220, 125 S.Ct. 738 (2005) is a complete untruth. The only reliance that Caba has placed on Booker is in the remedial decisions where the Supreme Court declared

18 U.S.C. § 3553(b)(1) unconstitutional. Mr Caba's argument is not concerned with the new procedural rule announced in Booker only with the unconstitutional statute 18 U.S.C. § 3553(b)(1); the Mandatory Federal Sentencing Guidelines of the Sentencing Reform Act of 1984, that became effective in November 1987 and are unconstitutional from the date of their enactment and not from the date of the decisions so branding them. See, 16 A. Am.Jur.2d. § 203, note 30.

Therefore, the retroactive applicaiton of Booker has no bearing on the issues before this Honorable Court and a (COA) should be issued in this case because Mr. Caba has been punished and imprisoned pursuant to an unconstitutional statute and it cannot be a legal cause for imprisonment. See; Ex Parte Siebold, 100 U.S. 371, 376-77, 25 L.Ed. 717 (1880).

## Conclusion

THerefore, Mr. Caba has made a substantial showing of a violation of his constitutional rights; the right to be free from punishment and imprisonment pursuant to an unconstitutional act. He also has demonstrated that the resolution of his Rule 60(b)(4) motion for relief of "void judgment" by the district court was an error of law and abuse of the Court's discretion and therefore would be debatable amoung jurist of reason.

Respectfully submitted,

7/18/07

Oscar Caba, Pro Se
Reg. No. 04697-070
FMC Devens
P.O. Box 879
Ayer, MA 01432-0879

# CERTIFICATE OF SERVICE

THis is to certify that the Movant, Oscar Caba's foregoing "Motion in Rebuttal of Government's Objection to Certificate of Appealability" was served upon the following persons:

Kenneth P. Madden
Assistant, United States Attorney
United States Attorney Office
50 Kennedy Plaza, 8th Floor
Providence, R.I. 02903

by hand delivering a copy of same in a sealed envelope with first class postage affixed to ensure deliver to H-Unit Team Federal Medical Center Devens in Ayer, Massachusetts 01432. Houston v Lack, 487 U.S. 266 (1988).

Respectfully submitted,

Oscar Caba 7/18/07

Oscar Caba, Pro Se
Reg. No. 04697-070
FMC Devens
Unit H-4
P.O.Box 879
Ayer, MA 01432